# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JARRETT NICASTRO, | ) |
|     Petitioner, | ) Civil Action No. 2: 14-cv-0732 |
| | ) |
| v. | ) |
| | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| PENNSYLVANIA BOARD OF | ) |
| PROBATION & PAROLE, et al., | ) |
|     Respondents. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Robert Jarrett Nicastro pursuant to 28 U.S.C. § 2254. [ECF No. 1]. In the petition, he challenges a decision made by the Pennsylvania Board of Probation and Parole (the "Board") to deny him parole. For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

**I.**

**A.**     **Relevant Background**

Petitioner is serving sentences imposed in Dauphin, Lancaster, and Mercer counties. The controlling maximum expiration date for his sentence is November 27, 2017. [Petition, ECF No. 1 at ¶ 10; Resp's Ex. 1, ECF No. 6–1 at 6].

The Board interviewed and granted Petitioner parole on August 20, 2013, upon completion of Therapeutic Community Drug and Alcohol Inpatient Treatment Program ("Therapeutic Community"). On August 26, 2013, the grant of parole was modified because of a

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. See ECF Nos. 7 and 8.

new calculation of Petitioner's sentence structure by the Pennsylvania Department of Corrections, such that Petitioner was granted parole on or after October 21, 2013 and upon completion of Therapeutic Community. [Resp's Ex. 3, ECF No. 6-1 at 11].

On October 1, 2013, the grant of parole was rescinded due to Therapeutic Community failure. Petitioner was informed that he was listed for review in / after February, 2014. [Petition, ECF No. 1 at ¶ 13; Resp's Ex. 4, ECF No. 6-1 at 13].

By Board Decision of April 8, 2014, Petitioner was advised that parole had been denied. That is the decision at issue in this case. [Petition, ECF No. 1 at ¶ 14]. The Board informed Petitioner:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your prior unsatisfactory supervision history.
>
> Your failure to demonstrate motivation for success.
>
> Your minimization of the nature and circumstances of the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.
>
> You are to be reviewed in or after November, 2014.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.
>
> Whether you have completed the department of corrections prescriptive program(s).
>
> Written SMART relapse plan to be available at time of review.

> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded.

[Petition, ECF No. 1 at ¶ 14; Resp's Ex. 5, ECF No. 6–1 at 15-16].

In the instant petition for a writ of habeas corpus, Petitioner challenges the Board's April 8, 2014, decision to deny him parole arguing that the Board's decision violates his rights under the Due Process Clause of the 14th Amendment to the United States Constitution. [Petition, ECF No. 1, at ¶ 15].

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that he is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

Respondents have filed an Answer in which they argue that the petition is moot. [ECF No. 6]. They point out that on April 8, 2014, Petitioner signed and submitted a form entitled "Request to Serve the Maximum Expiration of Current Sentence," in which he stated that he no longer wished to be paroled or considered for parole on his current sentence and that he wanted to remain incarcerated until the maximum term of his sentence expired. [Resp's Ex. 6, ECF No. 6–1 at 18]. As a result, on May 8, 2014, the Board issued a decision in which it stated: "You are to serve your unexpired maximum sentence, 11/27/2017, due to your negative interest in parole. You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded." [Resp's Ex. 7, ECF No. 6–1 at 20].

Petitioner did not file a Reply. *See* Local Rule 2254(E)(2) (a petitioner "may file a Reply . . . within 30 days of the date the respondent files its Answer.").

B.  Discussion

(1)  The Exhaustion Requirement

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). Because it appears that Pennsylvania law does not provide a mechanism by which a prisoner such as Petitioner can challenge a parole denial based upon Eighth Amendment or due process grounds, Petitioner likely is exempt from the exhaustion requirement. *Defoy v. McCullough,* 393 F.3d 439, 445 (3d Cir. 2005); *Roman v. DiGuglielmo,* 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that *DeFoy* no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than ex post facto claims. . . . [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortable say that it is clear enough to alter our decision in *DeFoy.*" ). A federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits." *Roman,* 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")). Because the instant petition plainly has no merit, this Court "need not address the issue of exhaustion in this case." *Id.*

(2)  The Petition Must Be Denied

Petitioner is challenging the Board's April 8, 2014, decision to deny him parole. However, three (3) days after that Decision was issued, Petitioner on April 11, 2014, filed a request with the Board in which he informed the Board that he wanted to remain incarcerated until the expiration of his maximum sentence. The Court agrees with Respondents that, as a

result, Petitioner's challenge to the Board's April 8, 2014, decision to deny him parole is now moot. *See Spencer v. Kemna*, 523 U.S. 1, 7, 18 (1998); *Burkey v. Marberry,* 556 F.3d 142, 147–78 (3d Cir. 2009).

Alternatively, Petitioner's challenge to the Board's April 8, 2014, decision fails on the merits. To the extent that Petitioner argues that the Board's denial of parole violates the Eighth Amendment, he has no right to be released before the expiration of his valid prison sentence in 2017, *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979), and the Board's decision to deny him release to parole does not constitute cruel and unusual punishment. *See Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989) (imprisonment beyond one's term constitutes punishment within the meaning of the Eighth Amendment.)

To the extent that Petitioner is raising a due process claim, that claim must be denied. The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents*, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Id*. (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)). Petitioner cannot meet either criteria because, as stated above, there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442

U.S. at 7. Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections.

Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996); *Rogers v. Pennsylvania Bd. of Prob. & Parole*, 724 A.2d 319, 323 (Pa. 1999). *See also Newman v. Beard*, 617 F.3d 775, 783 (3d Cir. 2010). Because Petitioner cannot establish that he possesses a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision did not violate his right to procedural due process.

Turning to a substantive due process analysis, the Third Circuit Court of Appeals has held that "even if a state statute does not give rise to a liberty interest in parole release under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). *See also Newman,* 617 F.3d at 782. The United States Supreme Court also has held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.' " *Burkett*, 89 F.3d at 139 (citing *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)). Under substantive due process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). *Id*. at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. *Block*, 631 F.2d at 237.

Importantly, the Third Circuit Court of Appeals has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. *Hunterson v. DiSabato*, 308 F.3d 236, 246–47 (3d Cir. 2002). That is because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which our appellate court has termed at times "conscience shocking." *Hunterson,* 308 F.3d at 246–47. It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." *Id*. at 247–48. *See also Newman*, 617 F.3d at 782 ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn,* 251 F.3d 480, 487 (3d Cir. 2001) Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest [.]") (internal quotations and citations omitted).

Petitioner has not demonstrated that the Board's decision lacked "some basis." As reflected in its April 8, 2014, decision, he was denied parole because based on an interview, a review of his file, and consideration of the matters set forth in the relevant state statute, it determined, inter alia, that Petitioner had an unsatisfactory supervision history, failed to demonstrate motivation for success, and lacked remorse for the offenses he committed. Although Petitioner disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

C.  **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has failed to substantially allege the denial of a constitutional right, much less show such a denial. Accordingly, the Court will not issue a certificate of appealability.

II. **Conclusion**

For the reasons set forth above, the petition for a writ of habeas corpus is denied. Also, a certificate of appealability is denied. An appropriate Order follows.

**ORDER**

**AND NOW,** this 7th day of October, 2014;

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus is **DENIED** and a certificate of appealability is **DENIED.**

The Clerk of Courts is directed to close this case.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: ROBERT JARRETT NICASTRO
KV7893
SCI Laurel Highlands
5706 Glades Pike, PO Box 631
Somerset, PA 15501
(via U.S. First Class mail)

Alan M. Robinson
Pennsylvania Board of Probation and Parole
(via CM/ECF electronic notification)